1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

PABLO CARACENI FRANCIONE,

Plaintiff,

11

v.

12

SOCIAL SECURITY
ADMINISTRATION – FRESNO
DISTRICT,

13

14

Defendant.

15

16

17

Case No.  1:23-cv-00344-BAM

ORDER DIRECTING CLERK OF COURT TO
RANDOMLY ASSIGN DISTRICT JUDGE TO
ACTION

FINDINGS AND RECOMMENDATIONS
REGARDING DEFENDANT'S MOTION TO
DISMISS

(Doc. 15)

**FOURTEEN-DAY DEADLINE**

18

    Plaintiff Pablo Caraceni Francione, proceeding pro se and in forma pauperis, filed a

19

complaint on March 8, 2023, alleging that he was the recipient of monthly social security income

20

benefits under Title XVI of the Social Security Act, but those benefits were terminated beginning

21

July 2022.[1]  (Doc. 1.)  Currently before the Court is Defendant Kilolo Kijakazi, Acting

22

Commissioner of Social Security's [2] (hereinafter "Defendant") motion to dismiss for lack of

23

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Doc. 15.)  Defendant contends

24

that Plaintiff has failed to exhaust his administrative remedies.  (*Id.*)

25

    The Court finds this matter suitable for decision without oral argument.  L.R. 230(g).

26

27

28

[1] The action was referred to the undersigned pursuant to Local Rule 302(c)(15).

[2] As Defendant's motion points out, Plaintiff purports to name "Social Security Administration – Fresno
District," but the (Acting) Commissioner is the only proper defendant in an action for review of benefits
decisions.  *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210 (d); Doc. 15 at p. 2 n. 1.

Having considered the parties' briefing and the record in this matter, the Court will recommend that Defendant's motion to dismiss be granted and that this action be dismissed for lack of subject matter jurisdiction without prejudice as to Plaintiff exhausting his administrative remedies.

## I.    Background

On March 8, 2023, Plaintiff filed his form complaint.  As the basis for federal question jurisdiction, Plaintiff lists:  "Supplemental Security Income (SSI) Title XVI."  (Doc. 1 at p. 4.)  In a typewritten attachment to the form, Plaintiff alleges as follows:  On October 25, 2021, the Social Security Administration- Fresno District ("SSA") sent Plaintiff a letter informing him that the SSA must regularly review the cases of people who receive supplemental security income ("SSI").  To ensure that Plaintiff was still eligible, the SSA scheduled Plaintiff for an interview on November 5, 2021.  After the phone interview, and after submitting all requested documents, Plaintiff received a letter dated November 28, 2021, which informed him that his SSI payment would be continued and increased beginning January 2022.  (*Id.* at p. 7.)

Thereafter, the SSA sent Plaintiff two new letters dated March 11, 2022, and April 1, 2022, requesting that he send "other people's documents."  (*Id.*)  Plaintiff responded in writing by letters dated August 24, 2022 and September 20, 2022, and stated his position "for not sending the other person's documents."  (*Id.*)  The SSA did not respond in writing.

On June 22, 2022, Plaintiff received a letter from the SSA, which notified him that the SSA was stopping his monthly SSI payment beginning July 2022.  The SSA reportedly stated, "We are not able to send further payments because we need correct information about your name address or bank account."  (*Id.*)  The SSA also warned Plaintiff that if it stopped his SSI, then he could also lose any Medicaid that he had.  Plaintiff responded in writing with the correct information about his name, address, and bank account on July 27, 2022.  The SSA did not respond.  (*Id.* at pp. 7-8.)

Plaintiff claims that because the SSA did not resolve his case properly and fairly through its normal channels, he has the right to appeal the SSA's position in an independent forum.

As relief, Plaintiff states that he does not have "continuous monthly payments of supplemental security income because [the SSA] decided to stop my SSI continuous monthly

payments beginning July 2022 until the present day and my SSI is my everything." (*Id.* at p. 9.)
Plaintiff also alleges that he does not have continuous monthly Medicaid benefits because the
SSA decided to stop any Medicaid beginning July 2022. (*Id.*)

On June 21, 2023, following an extension of time, Defendant filed the instant motion to
dismiss arguing that Plaintiff did not receive a final decision from the Commissioner of Social
Security, Plaintiff has not exhausted his administrative remedies, and this Court lacks jurisdiction.
(Doc. 15 at p. 3.) Plaintiff opposed the motion on June 30, 2023.[3] (Doc. 17.) In that opposition,
Plaintiff reiterates that the SSA sent him a notice of planned action in a letter dated June 22, 2022,
which stated: "We are stopping your monthly Supplemental Security Income (SSI) payment
beginning July 2022. We are not able to send further payments because we need correct
information about your name, address, or bank statement." (*Id.* at p. 1.) Plaintiff responded in
writing on June 27, 2022, with the correct information about his name, address, and bank account.
Plaintiff claims that he did not receive a response in writing and that the SSA never informed him
what he needed to do to comply with the law. Plaintiff repeats his assertions that because the
SSA has not resolved his case properly and fairly through its normal channels, he has the right to
appeal in an independent forum. (*Id.*) Defendant did not file a reply.

## II.    Legal Standards

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1),
asserting that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust
administrative remedies.

### A.  Federal Rule of Civil Procedure 12(b)(1)

A party may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)
challenging the subject matter jurisdiction of the Court. "Federal courts are courts of limited
jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a result,
they may only review cases as authorized by either the Constitution or a federal statute. *Id.* "If

---

[3] On June 30, 2023, the Court set a briefing schedule on the motion, directing Plaintiff to file his
opposition on or before July 10, 2023, with any reply due 7 days after the opposition. (Doc. 16.) Plaintiff
filed his opposition on the same date as the Court's order. (Doc. 17.) To date, no further opposition has
been filed, and the time in which to do so has passed.

1    jurisdiction is lacking at the outset, the district court has no power to do anything with the case

2    except dismiss [it]." *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858

3    F.2d 1376, 1380 (9th Cir. 1988) (quotation omitted).

4            Challenges to jurisdiction may be either facial or factual in nature. *San Luis & Delta-*

5    *Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d 1158, 1167 (E.D. Cal. 2012).

6    A facial attack to jurisdiction "accepts the truth of the plaintiff's allegations but asserts that they

7    'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117,

8    1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

9    2004) ). In contrast, a factual attack "contests the truth of the plaintiff's factual allegations,

10   usually by introducing evidence outside the pleadings." *Id.* In a factual challenge, the Court "is

11   not restricted to the face of the pleadings, but may review any evidence, such as affidavits and

12   testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v.*

13   *United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Villarino v. Soc. Sec. Administration:*

14   *Manager, 1521 N. Carpenter Rd., Suite 1, Modesto, CA 95354*, No. 1:18-cv-01112-DAD-EPG,

15   2018 WL 5095125, at *2 (E.D. Cal. Oct. 17, 2018).

16       **B.  Social Security Exhaustion Requirement**

17           Congress has limited federal courts' jurisdiction over Social Security determinations.

18   Under the Social Security Act, federal courts may only review a "final decision of the

19   Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g).  Final decisions

20   come after the claimant completes the Social Security Administration's administrative review

21   process. *See* 20 C.F.R. § 416.1400(a)(1)–(5) (enumerating the four steps in the administrative

22   review process); *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (Section 405(g) "clearly limits

23   judicial review to ... a 'final decision' of the [Commissioner] made after a hearing."); *Kildare v.*

24   *Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (final decision requires "complete exhaustion of

25   administrative remedies.").

26           The regulations implementing the Social Security Act provide a four-step administrative

27   review process.  20 C.F.R. § 416.1400(a).  These steps are delineated as follows:  (1) an initial

28   determination; (2) reconsideration; (3) a hearing before an administrative law judge; and (4)

4

1  review before the Appeals Counsel.  *Id.*  It is only after completing all four of these steps that the

2  Commissioner's decision is "final" and judicial review may be requested  *Id.*

3        However, "[a]n exception to this [final decision] rule exists for 'any colorable

4  constitutional claim of due process violation that implicates a due process right either to a

5  meaningful opportunity to be heard or seek reconsideration of an adverse benefits

6  determination.'" *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (quoting *Klemm v. Astrue*,

7  543 F.3d 1139, 1144 (9th Cir. 2008)). "A 'mere allegation of a due process violation' is not a

8  colorable constitutional claim." *Klemm*, 543 F.3d at 1144 (quoting *Anderson v. Babbitt*, 230 F.3d

9  1158, 1163 (9th Cir. 2000)). "[T]he claim must be supported by 'facts sufficient to state a

10 violation of substantive or procedural due process.'" *Id.*; *see also Hafer v. Comm'r of Soc. Sec.*,

11 No. 1:22-cv-00972-JLT-EPG, 2023 WL 2374099, at *6 (E.D. Cal. Mar. 6, 2023), *report and

12 recommendation adopted in part, rejected in part*, No. 1:22-cv-0972 JLT EPG, 2023 WL

13 2815585 (E.D. Cal. Apr. 6, 2023).

14       **III.**    **Discussion**

15       Here, Defendant contends that the Court lacks jurisdiction because Plaintiff has not

16 completed all steps of the administrative review process.   In support, Defendant has submitted a

17 declaration from Christianne Voegele, the Chief of Court Case Preparation and Review Branch 1

18 of the Office of Appellate Operations, Social Security Administration.  (Doc. 15-1.)  Ms. Voegele

19 declares that there is no indication of an Administrative Law Judge decision or dismissal, or a

20 request for review before the Appeal Council, relating to Plaintiff under Title II or XVI of the

21 Social Security Act.  (*Id.* at ¶ (3)(a).)  Accordingly, Ms. Voegeles' declaration establishes that

22 Plaintiff did not obtain a final decision from the Commissioner prior to filing his action in this

23 Court and, therefore, failed to exhaust his administrative remedies.

24       Likewise, Plaintiff has not furnished any evidence demonstrating that he has completed

25 the administrative review process, responding only that he is entitled to pursue the matter in an

26 independent forum because the SSA has not resolved his case properly and fairly through its

27 normal channels.  Based on this response, there is no indication that Plaintiff requested a hearing

28 from an Administrative Law Judge or completed any subsequent steps of the administrative

1     review process.

2           To the extent Plaintiff's complaint challenges an administrative decision by the

3     Commissioner regarding the termination of his SSI benefits, the Court finds that Plaintiff has

4     failed to exhaust his administrative remedies.  Plaintiff cannot bring suit in this Court to challenge

5     the termination of his SSI benefits until he has completed the administrative review process.  *See*

6     *Walters v. Comm'r of Soc. Sec*., No. 2:19-CV-238-KJN, 2019 WL 3216905, at *2 (E.D. Cal. July

7     17, 2019), *aff'd sub nom. Walters v. Saul*, No. 19-16523, 2019 WL 7833140 (9th Cir. Nov. 20,

8     2019 (explaining that only after plaintiff completes four-step administrative review—and the

9     Commissioner enters a final decision—may a court review the termination of SSI benefits); *King*

10    *v. Colvin*, No. C-13-1897 EMC, 2013 WL 3388730, at *1 (N.D. Cal. July 8, 2013) (applying

11    four-step administrative review process of 20 C.F.R. § 416.1400(a) and concluding plaintiff could

12    not bring suit in federal court regarding termination of SSI benefits until he had hearing before an

13    administrative law judge, and then a review by the Social Security Appeals Counsel); *cf. Duarte*

14    *v. Kijakazi*, No. 21-16019, 2023 WL 2755329, at *1 (9th Cir. Apr. 3, 2023) (indicating four-step

15    administrative review process applies to "[t]ermination of" disability benefits claims under Title

16    II).

17          Moreover, Plaintiff fails to allege a colorable constitutional claim for violation of due

18    process in connection to his benefits claim that would waive his failure to exhaust his

19    administrative remedies.  Plaintiff's complaint contains only a "mere allegation" that the SSA did

20    not resolve his case "properly and fairly through its normal channels," not that he was denied an

21    opportunity to be heard or to seek reconsideration. (Doc. 1 at p. 8.)  *See Klemm*, 543 F.3d at 1144;

22    *see also Hafer*, 2023 WL 2374099, at *8  (concluding "mere allegations" that SSA reduced

23    benefits without providing opportunity to be heard at a hearing or to lodge objections insufficient

24    to allege colorable constitutional claim that would waive failure to exhaust); *cf. Walters*, 2019

25    WL 3216905, at *2 (concluding asserted due process claim under Fifth Amendment did not

26    provide for a grant of jurisdiction; noting section 405(g) provides sole express jurisdictional basis

27    for review).

28          The Court acknowledges that in his opposition to the instant motion, Plaintiff alleges that

the SSA "never informed [him] of what [he] needed to do to comply with the law." (Doc. 17 at p. 1.)  However, this bare allegation is vague, conclusory, and lacking any facts to demonstrate that he was denied a hearing or did not have an opportunity to be heard or to seek reconsideration. *Klemm*, 543 F.3d at 1144.  Indeed, the facts alleged reflect that Plaintiff was provided with multiple notices and opportunities to comply with the SSA's requests, along with opportunities to be heard regarding compliance with those requests.

## IV.    Conclusion and Recommendation

The Court finds that Plaintiff failed to exhaust his administrative remedies and, therefore, the Court lacks jurisdiction over this action.  Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated, IT IS HEREBY RECOMMENDED as follows:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 15) filed on June 21, 2023, be GRANTED;

2. Plaintiff's claims against the Commissioner related to his Title XVI social security income benefits be DISMISSED WITHOUT PREJUDICE as to Plaintiff fully exhausting his administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**August 7, 2023**__          ____/s/ *Barbara A. McAuliffe*____
                                        UNITED STATES MAGISTRATE JUDGE